### ZACHARION v. SPIROPOLOUS.

(Supreme Court, Appellate Term, First Department.   February 13, 1914.)

EVIDENCE (§ 318*)—RELEVANCY—DECLARATION TO THIRD PERSONS.

Where, in an action for the price of goods sold, defendant claimed the goods were sold to B. and not to him, entries in B.'s books, showing that B. had charged himself with the goods, made without plaintiff's knowledge, were inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Michael Zacharion against B. J. Spiropolous.   From a municipal court judgment in favor of defendant, plaintiff appeals.   Reversed and new trial ordered.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

David L. Podell, of New York City, for appellant.
Charles W. Gould, of New York City, for respondent.

LEHMAN, J.   The plaintiff sued for goods sold and delivered. The goods were delivered at a store at 50 James street, which had concededly belonged to the defendant.   At the time of the delivery of the goods, the store was in charge of a third person named Boras, and the sole issue in the case was whether the goods had been sold to Boras or to the defendant.   The plaintiff testified that the defendant stated that he owned the store, and would pay for the goods ordered for that store.   The defendant denied the conversation, and claimed that he had sold the store previously to Boras, and Boras testified that he owned the store and bought the goods.   The defendant, to sustain his version of the transaction, was permitted to introduce in evidence the books of Boras to show that he had charged himself with these goods. It requires no argument or citation to show that the admission of this evidence was erroneous.   The entries in the books of Boras, made

without the knowledge of the plaintiff, are certainly not binding upon him. It is quite immaterial whether a third party has made entries in a book, implying that he considers himself chargeable with these goods, if in fact the defendant is the person to whom the goods were sold by the plaintiff, and who, as between himself and the plaintiff, is chargeable therewith.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.